**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| COURTNEY BOYD,<br><br>Plaintiff,<br><br>v.<br><br>RED ROBIN GOURMET BURGERS INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:23-CV-01370<br><br>Honorable Sharon Johnson Coleman |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF**
**ITS MOTION TO DISMISS AND COMPEL ARBITRATION**
**OR, ALTERNATIVELY, TO STAY THE PROCEEDINGS**

Defendant Red Robin Gourmet Burgers Inc. ("Red Robin" or "Defendant")[1] submits the following Memorandum of Law in Support of its Motion to Dismiss and Compel Arbitration or, Alternatively, Stay the Proceedings pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3 and 4 (the "Motion"), and states as follows:

## INTRODUCTION

When Courtney Boyd ("Boyd" or "Plaintiff"), a former Red Robin employee, began working at Red Robin, he signed a Mutual Dispute Resolution agreement (the "Arbitration Agreement" or "Agreement") committing to "arbitrate any and all legal or equitable claims, disputes, or controversies which could otherwise be raised in a court … that Red Robin may have against [Boyd] or that [Boyd] may have against Red Robin … Claims covered by the Agreement include those arising out of or relating to your employment … with Red Robin. *See* Plaintiff's Arbitration Agreement, pp. 1-2, attached as Exhibit A. In his Complaint, Boyd alleges he was

[1] The correct name of Defendant is Red Robin International, Inc.

discriminated against on the basis of his race, color, and sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), when he was allegedly harassed, subjected to retaliation, and terminated. Compl. at 3-4; *see generally* Amended Compl. Boyd also asserts claims for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). *See* Compl. at 3-4. Because Boyd's claims fall squarely within the express terms of the parties' executed Arbitration Agreement, the claims in the instant Amended Complaint must be pursued in arbitration.

Accordingly, consistent with the terms of the parties' Arbitration Agreement and well-established case law, Defendant respectfully requests that the Court (i) compel Boyd to arbitrate per the parties' Agreement; (ii) dismiss this matter with prejudice, or in the alternative, stay the current action; and (iii) award Red Robin its attorneys' fees and costs associated with the preparation and filing of this Motion.

## FACTUAL BACKGROUND

On December 22, 2021, Red Robin hired Boyd. Boyd's employment was contingent upon Boyd's review and acknowledgement of various Red Robin policies and agreements, including Red Robin's Alternative Dispute Resolution Plan ("ADR Plan") as well as Red Robin's Arbitration Agreement. *See* Red Robin's ADR, attached as Exhibit B; *see also* Ex. A. As part of Boyd's onboarding process, Boyd reviewed and acknowledged electronically via Red Robin's human capital management software, WorkDay, several policies. These policies included Red Robin's Electronic Signature Consent Form, Red Robin's ADR Plan, and the Arbitration Agreement. *See* Boyd's Electronic Signature Consent Form, attached as Exhibit C; *see also* Ex. A and B. On December 23, 2024, as a condition of his employment with Red Robin, Boyd executed these polices and the Arbitration Agreement by electronically signing the documents through WorkDay,

acknowledging that he and Red Robin agreed to the "final and binding arbitration" of "any and all legal or equitable claims, disputes, or controversies which could otherwise be raised in a court … that Red Robin may have against [Boyd] or that [Boyd] may have against Red Robin." Ex. A at 2; Ex. C.

Before Boyd executed the Arbitration Agreement, Red Robin instructed Boyd to carefully review the Agreement through an acknowledgement page presented to Boyd before he received the Arbitration Agreement, and Boyd had the opportunity to ask questions about the scope of the Arbitration Agreement by contacting Red Robin's Human Resources Department. *See* Ex. A ("[Boyd] should take time to carefully review this Acknowledgement and the attached Agreement. If [Boyd] should have questions, [Boyd may] contact the Red Robin Human Resources Department by calling 1-800-733-7621 or by sending an e-mail address to opendoor@redrobin.com.") Boyd was also encouraged to consult an attorney before executing the Arbitration Agreement. *Id.* ("[Boyd] may consult a lawyer about the effect and meaning of this Agreement.") Boyd did not ask any questions or challenge the agreement at this time. Boyd executed his acknowledgement of this policy on December 23, 2021, by electronically signing the document. *Id.*

On March 21, 2022, Red Robin terminated Boyd's employment. On July 21, 2022, Boyd filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Red Robin. *See* EEOC's Notice of Charge of Discrimination, attached as Exhibit E. On November 30, 2022, the EEOC issued a Notice of Right to Sue. *See* Amended Compl. at 5-7. On March 1, 2023, Plaintiff filed the instant *pro se* Complaint against Defendant, bringing various claims of employment discrimination and retaliation under the ADEA, Title VII, and Section 1981 of the United States Code. *Id.*; *see also* Compl. at 3-4. Specifically, Boyd alleges he was

discriminated against based on his race, color, sex, in violation of Title VII[2] and his age under the ADEA when he was allegedly harassed by other employees and his employment was terminated. Compl. at 3-4. Boyd also alleges he was retaliated against for engaging in protected activity. *See id.*; *see also* Amended Compl.

On January 22, 2024, counsel for Defendant conferred with Plaintiff via e-mail to inform him that he had electronically executed the Arbitration Agreement with Red Robin. *See* Communications with Plaintiff, attached as Exhibit D. Defense counsel requested that Boyd voluntarily agree to stipulate the dismissal of the lawsuit to proceed with his claims in arbitration consistent with the terms of the Agreement. *Id.* Counsel for Defendant provided Boyd with a copy of his executed Arbitration Agreement, and, pursuant to the terms of the Agreement, informed Boyd that Red Robin would pay for all costs and fees associated with the arbitration proceeding. *Id.* On January 24, 2024, Boyd responded to Defendant's counsel and indicated that he would not agree to dismiss the lawsuit to move the case to arbitration. *Id.*

## ARGUMENT

### I. Legal Standard

A motion seeking dismissal based on an arbitration clause is best conceptualized as an objection to venue and, thus, properly brought under Rule 12(b)(3). *Young v. Shipt, Inc.*, 2021 U.S. Dist. LEXIS 184847, at *4 (N.D. Ill. Sep. 27, 2021) (internal citation omitted); *see also Bahoor v. Varonis Sys., Inc.*, 152 F. Supp. 3d 1091, 1094 (N.D. Ill. Dec. 28, 2015) (converting defendant's motion to dismiss and to compel arbitration into a motion to dismiss for improper venue under Rule 12(b)(3)).

[2] Boyd also asserts race and color discrimination claims under Section 1981.

Generally speaking, motions based on improper venue under Rule 12(b)(3) require the court to assume the truth of the plaintiff's factual allegations and draw reasonable inferences in his favor – unless the defense offers evidence to the contrary. *Young*, 2021 U.S. Dist. LEXIS 184847, at *4 (citing *Faulkenberg v. CB Tax Franchise Sys.*, LP, 637 F.3d 801, 806 (7th Cir. 2011)); *Bahoor*, 152 F. Supp. 3d at 1094. If evidence is offered and a factual dispute is introduced, the court is not limited to consideration of the pleadings, and the court may consider evidence submitted with the motion without converting it to a summary judgment motion. *Young*, 2021 U.S. Dist. LEXIS 184847, at *4.

## II. <u>Federal Law Compels Arbitration Of Plaintiff's Claims</u>.

Arbitration is mandatory in this case. The FAA "reflect[s] both a liberal federal policy favoring arbitration" and "the fundamental principle that arbitration is a matter of contract." *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (internal quotation marks omitted). Under the FAA, a court must grant a motion to compel arbitration and dismiss or stay the lawsuit pending arbitration if, as here, (1) there is a written agreement to arbitrate, (2) the dispute is within the scope of the arbitration agreement, and (3) the plaintiff refused to arbitrate. *See Zurich Am. Ins. Co. v. Watts Indus. Inc.*, 417 F.3d 682, 687 (7th Cir. 2005) (citing 9 U.S.C. § 4); *Young*, 2021 U.S. Dist. LEXIS 184847, at *5. Where a binding arbitration agreement exists, the party opposing arbitration bears the burden of establishing why the arbitration clause should not be enforced. *Young*, 2021 U.S. Dist. LEXIS 184847, at *5; *Bahoor*, 152 F. Supp. 3d at 1097. The FAA also "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.* at 1097-98 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).

Here, there is no dispute that Boyd signed a valid and enforceable written agreement to arbitrate, nor is there any dispute that his claims are within the scope of the Arbitration Agreement. Yet, Boyd has rebuffed Red Robin's request that he proceed in the appropriate arbitral forum. Therefore, Defendant respectfully requests the Court grant the instant Motion and compel arbitration.

**a. The Parties Entered into a Valid and Enforceable Agreement to Arbitrate.**

Boyd cannot dispute the Arbitration Agreement he signed is a valid and enforceable contract under well-settled basic contractual principles. Whether a valid agreement to arbitrate exists is a matter of state law. *See Johnson v. ORKIN, LLC*, 928 F. Supp. 2d 989, 1003 (N.D. Ill. 2013); *Brown v. Luxottica Retail N. Am., Inc.*, No. 09 C 7816, 2010 U.S. Dist. LEXIS 104642, at *5 (N.D. Ill. Sept. 29, 2010) (citing *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., U.S.*, 130 S. Ct. 1758, 1773 (2010)). Under Illinois law, the basic elements of a contract are offer, acceptance, and consideration. *Steinberg v. Chi. Med. School*, 69 Ill.2d 320, 329 (1977). Because the Arbitration Agreement satisfies all three elements, it is a valid contract under Illinois law.

First, Red Robin's presentation of the Arbitration Agreement to Boyd via WorkDay constitutes an offer. *See Melena v. Anheuser Bush*, 219 Ill.2d 135, 152 (Ill. 2006) (finding that mailing the dispute resolution documents to employees constituted an offer). Second, Boyd accepted the offer when he electronically signed the Arbitration Agreement. Third, both parties "mutually agreed to arbitrate claims that either party could assert." *Collier v. Real Time Staffing Servs., Inc.*, No. 11 C 6209, 2012 U.S. Dist. LEXIS 50548, at *6 (N.D. Ill. April 11, 2012). It is well settled that because the Arbitration Agreement is reciprocal and requires Red Robin to arbitrate any claims it may have against Boyd, Plaintiff received adequate consideration. *See id.* (arbitration agreement "supported by adequate consideration" because "both parties have mutually

agreed to arbitrate claims that either party could assert"); *see also Truckenbrodt v. First Alliance Mortg. Co.*, No. 96 C 1822, 1996 U.S. Dist. LEXIS 22459, at *2 (N.D. Ill. July 19, 1996) ("All the consideration that is required for one party's promise to arbitrate is the other party's promise to arbitrate at least some specified class of claims." (*internal quotation marks omitted*)). As such, there can be no dispute that the parties entered into a valid and enforceable contract when they executed the Arbitration Agreement.

**b. Boyd's Claims are Within the Scope of the Arbitration Agreement.**

There also can be no dispute that Boyd's lawsuit falls within the scope of the Arbitration Agreement. All of Boyd's claims stem from his employment relationship with Red Robin. Indeed, Boyd's Complaint alleges race, color, and sex discrimination and retaliation under Title VII as well as age discrimination under the ADEA, race and color discrimination under Section 1981, which are all expressly contemplated by the Arbitration Agreement. *See* Compl., pp. 3-4; *see also* Exhibit A at 2 (the Arbitration Agreement covers claims "arising out of or relating to [Boyd's] relationship or employment [] for example, claims about … the terms and conditions of [Boyd's] employment, … discrimination or harassment in employment, termination of employment, … with Red Robin. Claims covered by this Agreement include, but are not limited to, those under the Age Discrimination in Employment Act; … Title VII of the Civil Rights Act of 1964; … Sections 1981 through 1988 of Title 42 of the United States Code; any state or local anti-discrimination or anti-harassment laws … or any claim for damages, costs, fees, or other expenses or legal or equitable relief, including attorneys' fees.")

Moreover, the allegations in Boyd's Amended Complaint make clear that his claims arise *solely* out of his employment with Red Robin and subsequent termination. *See generally* Compl. (alleging that he was terminated because of his race, color, sex, and age and subject to retaliation);

*see also* Amended Compl. at 4 ("This [Amended Complaint] goes into my complaint of Discrimination, Harassment, and Retaliation from my employment of Red Robin for speaking of my harassment at my place of employment.").

In sum, because each of the claims asserted in Boyd's Complaint are not only specifically identified in the Arbitration Agreement, but also arise solely from Boyd's employment with Red Robin, and subsequent termination of employment, Boyd's claims are within the scope of the Arbitration Agreement.

**c. Boyd Has Refused to Arbitrate His Claims.**

On January 22, 2024, counsel for Red Robin emailed Boyd and informed him that he had executed an agreement to arbitrate all legal disputes arising out of his employment with Red Robin. Exhibit E. Defendant's counsel provided him with a copy of the Arbitration Agreement, and informed him that Red Robin would pay for the costs of arbitration, pursuant to the terms of the Agreement. *Id*. On January 24, 2024, Boyd objected to counsel's request to move the case to arbitration. *Id*.; *see supra* Factual Background Section. Accordingly, and for all the reasons discussed more fully above, Defendant respectfully requests the Court enter an order compelling arbitration.

**III. <u>Boyd's Lawsuit Should Be Dismissed Or Stayed</u>.**

Under the FAA, once a court determines there is a valid and enforceable arbitration clause covering the claim at issue – as there is here – the court must, at a minimum, stay all proceedings and order the parties to arbitration. 9 U.S.C. § 3. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (when a dispute is subject to arbitration, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration"). Moreover, although Section 3 of the FAA discusses a stay of litigation,

the dismissal of all claims subject to arbitration is not inconsistent with this provision. *See, e.g.*, *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 810-11 (7th Cir. 2011) (finding that dismissal was appropriate based upon an arbitration clause in a franchise agreement between the parties); *Lozdoski v. City of Chi.*, No. 09 C 658, 2009 U.S. Dist. LEXIS 59019, at *7 (N.D. Ill. July 10, 2009) (granting defendant's motion to compel arbitration and dismissing plaintiff's case). Because Boyd's claims are subject to arbitration, after ordering Boyd to arbitrate, Defendant respectfully requests the Court dismiss Plaintiff's Amended Complaint in its entirety with prejudice or, in the alternative, stay the proceedings pending the outcome of the arbitration.

**CONCLUSION**

For the reasons set forth herein, Red Robin respectfully requests that the Court (i) compel Boyd to arbitrate pursuant to his binding agreement; (ii) dismiss with prejudice, or in the alternative, stay the current action; and (iii) award Red Robin its attorneys' fees and costs for this Motion.

Dated: February 2, 2024

Respectfully submitted,

**RED ROBIN GOURMET BURGERS INC.**

By: /s/ Kirsten A. Milton
One of Its Attorneys

Kirsten A. Milton
Jackson Lewis P.C.
150 North Michigan Ave., Suite 2500
Chicago, IL 60601
Tel.: 312.787.4949
Fax: 312.787.4995
Kirsten.Milton@jacksonlewis.com

## CERTIFICATE OF SERVICE

I, Kirsten A. Milton, an attorney, certify that on February 2, 2024, I caused a true and correct copy of the attached *Defendant's Memorandum of Law In Support of Its Motion to Dismiss Plaintiff's Complaint and Compel Arbitration or, Alternatively, to Stay the Proceedings,* to be filed with the Clerk of the Court using the Electronic Filing System, which will send notification of such filing to all counsel of record.

*/s/ Kirsten A. Milton*